UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ZION WILLIAMSON,

        Petitioner,

v.

YOUDY SANON,

        Respondent.

Case No. _____

---

**MEMORANDOM OF LAW IN SUPPORT OF PETITIONER
ZION WILLIAMSON'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**

CLARICK GUERON REISBAUM LLP
Jeffrey S. Klein
Nora Niedzielski-Eichner
220 Fifth Avenue, 14th Floor
New York, NY 10001
Telephone: (646) 398-5071
jklein@cgr-law.com
nniedzie@cgr-law.com

and

WEIL, GOTSHAL & MANGES LLP
Edward Soto
Zachary A. Schreiber
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
edward.soto@weil.com
zach.schreiber@weil.com

*Attorneys for Petitioner Zion Williamson*

I. **PRELIMINARY STATEMENT**

Petitioner Zion Williamson, a professional basketball player for the New Orleans Pelicans of the National Basketball Association, brings this action to compel compliance with two subpoenas issued to Respondent Youdy Sanon, seeking discovery relevant to a lawsuit pending in the Middle District of North Carolina.[1] Mr. Williamson commenced the underlying action to void a representation agreement entered into with a marketing agent, Gina Ford of Prime Sports Marketing.[2] In response, Ms. Ford asserted various counterclaims against Mr. Williamson, seeking in excess of $100,000,000 in damages. The North Carolina court declared the representation agreement void, but certain of Ms. Ford's counterclaims remain pending in the case.

Following its ruling voiding the contract, the North Carolina court limited discovery to four narrow topics, including the "content, development, and protection of, and work relating to, Defendants' marketing materials." *Zion Williamson v. Prime Sports Marketing, LLC, and Gina Ford*, Case No. 1:19-CV-593-LCB-JLW (M.D.N.C. Mar. 15, 2021) at ECF 59, 61. Ms. Ford stated in her interrogatory responses that Mr. Sanon is her "agent/affiliate/associate/partner/business partner/employee," and Ms. Ford also produced documents purporting to be emails from Mr. Sanon to certain brands regarding "endorsement deals/marketing deals/partnership summar[ies]" related to Mr. Williamson. Declaration of Zachary A. Schreiber, Esq. ("Schreiber Decl."), Ex. 1 at 13-15.

---

[1] The two subpoenas are (i) a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Document Subpoena"), dated June 16, 2021, and (ii) Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena," and collectively with the Document Subpoena, the "Subpoenas"), dated June 16, 2021.

[2] The underlying action is *Zion Williamson v. Prime Sports Marketing, LLC, and Gina Ford*, Case No. 1:19-CV-593-LCB-JLW, pending in the Middle District of North Carolina.

Mr. Williamson, through counsel, issued the Subpoenas to Mr. Sanon regarding his work related to Ms. Ford's marketing materials. Instead of complying (or objecting), Mr. Sanon ignored the Subpoenas and Mr. Williamson's counsel's good-faith efforts to confer regarding compliance, even though Mr. Sanon was properly served, and was provided a witness fee from Mr. Williamson's counsel's process server. Mr. Williamson brings this action to compel Mr. Sanon's compliance with the Subpoenas.

## II.     FACTS RELEVANT TO THE INSTANT MOTION

On June 13, 2019, Mr. Williamson filed suit against Ms. Ford and her company, Prime Sports Marketing, LLC, in the Middle District of North Carolina, seeking a declaratory judgment as to the propriety of his voiding of a marketing agreement between Ms. Ford and himself based on, *inter alia*, Ms. Ford's various violations of North Carolina law. *Williamson v. Prime Sports Marketing, LLC* at ECF 1. In response, Ms. Ford asserted eleven counterclaims against Mr. Williamson, including fraud, conversion, misappropriation of trade secrets, unfair trade practices, unjust enrichment, and conspiracy. *Id.* at ECF 32. Mr. Williamson prevailed on his claim, *Id.* at ECF 49, and the parties are now in the midst of discovery on Ms. Ford's remaining counterclaims. The North Carolina court has limited discovery to defined topics, including the "content, development, and protection of, and work relating to, Defendants' marketing materials." *Id.* at ECF 59, 61.

Ms. Ford stated in her interrogatory responses that Mr. Sanon was her business partner. Schreiber Decl., Ex. 1 at 14. Ms. Ford also produced documents purporting to be emails sent by Mr. Sanon to various major companies regarding "endorsement deals/marketing deals/partnership summar[ies]" related to Mr. Williamson. *Id*. Mr. Williamson soon thereafter issued the Subpoenas to Mr. Sanon to (i) obtain documents related to Mr. Williamson and Ms.

2

Ford and (ii) depose Mr. Sanon about the same. Schreiber Decl., Exs. 3 and 4. Mr. Williamson served opposing counsel with notice of the Subpoenas on June 16, 2021, Schreiber Decl., Ex. 7, and subsequently served the Subpoenas on June 17, 2021 on Mr. Sanon through Mr. Sanon's cousin, a person of suitable age and discretion, at Mr. Sanon's verified residence. Schreiber Decl., Ex. 6. Accompanying the Subpoenas was a $40 fee for Mr. Sanon's time and travel costs to Manhattan for the deposition, which was accepted. *Id*. Mr. Sanon was also served by mail on the same day. *Id*.

Following service, Mr. Sanon did not respond in any way to the Subpoenas. Mr. Williamson's counsel reached Mr. Sanon by phone on June 23, 2021, but Mr. Sanon said only that he would call back. Schreiber Decl., ¶ 11. Mr. Williamson's counsel tried again on June 24, 2021, and then by email on June 25, 2021, with no response. Schreiber Decl., ¶¶ 12-13, Ex. 8. On June 28, 2021, Mr. Williamson's counsel spoke to Mr. Sanon, who told counsel that he would seek an attorney. Schreiber Decl., ¶ 15. But, neither Mr. Sanon nor any attorney on Mr. Sanon's behalf subsequently contacted Mr. Williamson's counsel. Schreiber Decl., ¶ 20. On July 2, 2021, Mr. Williamson's counsel sent Mr. Sanon a letter concerning his obligations to respond to the Subpoenas, which were enclosed with the letter, and informing him that if he did not voluntarily comply, the likely response would be to seek a court order to enforce his compliance. Schreiber Decl., Ex. 9. The letter was sent by FedEx, signature required. Schreiber Decl., Ex. 10. It was delivered on July 3, 2021 and signed for by Mr. Sanon. *Id*. Mr. Williamson's counsel also emailed the letter, which appended copies of the Subpoenas, to Mr. Sanon. Schreiber Decl., Ex. 11. The letter was received by Mr. Sanon's email account. Schreiber Decl., Ex. 12. Mr. Sanon has not responded to the letter, and, to date, there has been no further communication from Mr. Sanon or any attorney representing him. Schreiber Decl., ¶ 20.

The Subpoenas were properly served on Mr. Sanon on June 17, 2021, and objections were due on July 1, 2021. *See* Fed. R. Civ. P. 45(d)(2)(B). No objections were received. Schreiber Decl., ¶ 20. Because Mr. Sanon's documents and information are relevant to the content, development, and protection of, and work relating to Ms. Ford's marketing materials in the underlying action, the instant motion is being filed to seek Mr. Sanon's compliance with the Subpoenas.

### III.   JURISDICTION AND VENUE

This Motion is properly brought in the Southern District of New York, as compliance with the Subpoenas is required in Manhattan. If a non-party fails to produce documents or appear for a deposition in compliance with a subpoena, the United States District Court for the district where compliance is required is the appropriate court to enter an order compelling the non-party to produce the subpoenaed documents and attend the subpoenaed deposition. Per Rule 45, the serving party is required to move to enforce a subpoena in "the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Rule 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken"). The Subpoenas seek the production of documents and attendance at a deposition at the Manhattan offices of Mr. Williamson's counsel, Weil, Gotshal & Manges LLP, and, therefore, as "compliance is required in Manhattan, this motion is properly brought in the Southern District of New York."[3] *Greene v. Paramount Pictures Corp.*, No. 14-CV-01044 (JS)(SIL), 2016 WL 4398432, *2 (E.D.N.Y. July 22, 2016); *see also Carey v.*

---

[3] Weil, Gotshal & Manges LLP's New York office is located at 767 Fifth Avenue, New York, NY 10153. Mr. Sanon's residence is located at 1355 East 38th Street, Brooklyn, NY 11234. Weil's office is well within the 100 mile requirement for the place of production and deposition under Rule 45. *See* Fed. R. Civ. P. 45(c)(l) ("A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (a) within 100 miles of where the person resides, is employed, or regularly transacts business in person;…"). Mr. Williamson has provided Mr. Sanon with a witness fee and mileage allowance. Schreiber Decl., Ex. 6.

*Air Cargo Assocs., Inc.*, No. 18 MS 302/09-2353, 2011 WL 446654, at *3, n.1 (S.D.N.Y. Feb. 7, 2011) ("this Court is the proper court to issue a subpoena calling for a deposition within Manhattan").

## IV. ARGUMENT

Mr. Williamson asks the Court to compel compliance with the Subpoenas–specifically to compel the production of the requested documents and Mr. Sanon's attendance at a deposition pursuant to Rule 45(d)(2)(B)(i).[4] Mr. Williamson duly served Mr. Sanon valid subpoenas that seek relevant evidence and are not unduly burdensome. *Johnson v. J. Walter Thompson U.S.A., LLC*, No. 16-CV-01805 (JPO)(JCF), 2017 WL 3055098, at *2-*3 (S.D.N.Y. July 18, 2017) (compelling nonparty to comply with subpoena where the information sought was relevant and not unduly burdensome); *Calabro v. Stone,* 224 F.R.D. 532, 533-34 (E.D.N.Y. Oct. 7, 2004) (same); *see generally* Fed. R. Civ. P. 45.

Further, Mr. Sanon has waived any right to object to or otherwise contest the Subpoenas. Mr. Sanon has ignored the Subpoenas—failing to serve objections prior to the date of compliance or timely move to quash or modify the Subpoenas, failing to produce responsive documents, and failing to appear for deposition. "Objections to a non-party subpoena are waived if not made within the time specified by Rule 45(c)(2)(B), that is, generally fourteen days." *Schweizer v. Mulvehill*, 93 F.Supp.2d 376, 412 (S.D.N.Y. Mar. 31, 2000); *see also In re Corso*, 328 B.R. 375, 384 (E.D.N.Y. Aug. 8, 2005) ("[t]he fourteen day time limitation to serve written objections to a subpoena is crucial as failure to do so typically constitutes a waiver of such objections"); *Ultradent Prod., Inc. v. Hayman*, No. M8-85 RPP, 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002) (rejecting non-party objections to subpoena as untimely as "[w]ritten

---

[4] Though Mr. Williamson currently seeks only an order compelling compliance with the Subpoenas, Mr. Williamson reserves the right to seek a contempt order under Fed. R. Civ. P. 45(g) if necessary.

objections or motions to quash are required to be served within 14 days of service of the Subpoena."); *Application of Sumar*, 123 F.R.D. 467, 472 (S.D.N.Y. Dec. 30, 1988) (ruling that failure to timely object to a subpoena "constitute[d] a waiver of any objections"). Given that Mr. Sanon has made no response at all, any objections he might have to the Subpoenas have been waived, and he should be compelled to comply with Mr. Williamson's reasonable demands for relevant evidence.

### A. Mr. Williamson Properly Seeks Relevant Evidence

A subpoena may properly seek information that is relevant to a party's claims or defenses. Fed. R. Civ. P. 26(b)(l); *Delta Air Lines, Inc. v. Lightstone Grp., LLC*, No. 21-MC-374 (RA) (OTW), 2021 WL 2117247, at *2 (S.D.N.Y. May 24, 2021) ("[m]otions to compel compliance with Rule 45 subpoenas are governed by the relevancy and proportionality guidelines of Rule 26"). "[A] request for discovery is considered relevant if there is a possibility that the information sought may be relevant to [] any party's claim or defense." *MacCartney v. O'Dell,* No. 14-CV-03925 (NSR), 2017 WL 766906, *3 (S.D.N.Y. Feb. 27, 2017) (citations omitted).

Here, Mr. Williamson seeks to defend against Ms. Ford's counterclaims. Mr. Sanon has been identified by Ms. Ford as a witness to the content, development, and protection of, and work relating to, her marketing materials. Mr. Williamson therefore seeks discovery from Mr. Sanon that is directly relevant to facts Ms. Ford has put at issue in the underlying litigation.

### B. The Subpoenas Are Not Unduly Burdensome

The Subpoenas do not impose an undue burden on Mr. Sanon. Mr. Williamson provided Mr. Sanon with fourteen days from the service of the Subpoenas for the production of what is anticipated to be a very limited number of documents. This time frame is generally viewed as a

reasonable time for compliance. *See* Fed. R. Civ. P. 45(d)(2)(B) (permitting objections to document production requests "before the *earlier* of the time specified for compliance or *14* days after the subpoena is served" (emphasis added)); *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31,* No. 08-MC-347(ARR)(MDG), 2010 WL 2219343, *5 (E.D.N.Y. Feb. 5, 2010) "many courts have found fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45"). Further, counsel for Mr. Williamson reached out to Mr. Sanon multiple times to attempt to elicit and discuss any concerns, but Mr. Sanon refused to engage in any way. Schreiber Decl., ¶¶ 11-19, Exs. 8, 9, and 11.

      C.     **The Subpoenas Were Properly Served**

Mr. Williamson effected proper service by serving the Subpoenas on Mr. Sanon personally at his verified home address, where the Subpoenas were received by an individual of suitable age and discretion, and by also sending the Subpoenas to Mr. Sanon's home address by first-class mail.[5] Schreiber Decl., Ex. 6. Such service "reasonably insures actual receipt of the [S]ubpoena[s] by the witness," and thus satisfies the "'delivery' requirement of Rule 45." *Ultradent Prods., Inc.*, 2002 WL 31119425, *3-*4 (quoting *Cordius Trust v. Kummerfeld*, No. 99-CV-03200, 2000 WL 10268, *1 (S.D.N.Y. Jan. 3, 2000)); *see also Donoghue v. Retrophin, Inc.*, No. 14-CV-07640 (ER)(MHD), 2015 WL 13723968, *2-*3 (S.D.N.Y. July 20, 2015) (collecting cases regarding service under Rule 45 and finding non-party's "ample and longstanding notice" from multiple forms of service sufficient to establish delivery).

Mr. Sanon has been properly served and is obligated to comply with the Subpoenas. Because Mr. Sanon has failed to comply with the Subpoenas, despite proper service, this Court

---

[5] Mr. Sanon has also received copies of the Subpoenas via email and via FedEx accompanying the July 2, 2021 letter sent by Mr. Williamson's counsel. Schreiber Decl., Exs. 9 and 11,

should grant this Motion. *See Med. Diagnostic Imaging, PLLC v. CareCore Nat., LLC*, No. 06-CV-013516 (VM)(THK), 2008 WL 3833238, *3 (S.D.N.Y. Aug. 15, 2008) (requiring compliance with the subpoena at the risk of contempt sanctions where the subpoena was served in a manner that provided non-party recipient "adequate due process-notice").

## V. CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Court grant Mr. Williamson's Motion to Compel Compliance with Subpoenas in its entirety and issue an order (i) compelling Mr. Sanon to produce the requested documents and (ii) compelling Mr. Sanon to appear at a deposition.

Dated: August 11, 2021

CLARICK GUERON REISBAUM LLP

*/s/ Jeffrey S. Klein*
Jeffrey S. Klein
Nora Niedzielski-Eichner
220 Fifth Avenue, 14th Floor
New York, NY 10001
Telephone: (646) 398-5071
jklein@cgr-law.com

and

WEIL, GOTSHAL & MANGES LLP
Edward Soto
Zachary A. Schreiber
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8591
edward.soto@weil.com
zach.schreiber@weil.com

*Attorneys for Petitioner Zion Williamson*